Case: 1:20-cr-00109-CAB  Doc #: 605 (Court only)  Filed: 06/28/24  1 of 4.  PageID #: 4091

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br><br>Jeffrey Chappell Jr.<br>*Defendant* | )<br>)  24-5229 MJ<br>)<br>)  Docket Number [0647 1:20CR00109]-[017]<br>)<br>) |

*handwritten: DSA 7/19/24*

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States Judge without unnecessary delay *(name of the person to be arrested)* Jeffrey Chappell Jr.,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment  ☐ Superseding Indictment  ☐ Information  ☐ Superseding Information  ☐ Complaint
☒ Probation Violation Petition  ☐ Supervised Release Violation Petition  ☐ Violation Notice  ☐ Order of the Court

This offense is briefly described as follows:
Failure to Comply with the Location Monitoring Program, Failure to Submit Drug Screens, Unauthorized Use of Drugs, Failure to Obtain Employment.

Date: 6/28/2024

*signature: Christopher A. Boyko*
*Issuing officer's signature*

City and state: Cleveland, Ohio

, UNITED STATES DISTRICT JUDGE
Christopher A. Boyko
*Printed name and title*

### Return

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____ at *(city and state)* _____.

Date: _____

_____
*Arresting officer's signature*

_____
*Printed name and title*

| DATE<br>06/27/2024 | U. S. Pretrial Services and Probation Office<br>Northern District of Ohio | **VIOLATION REPORT**<br>**Warrant Request** | PROB 12C<br>(Rev. 11/2017) |
|---|---|---|---|

| NAME<br>CHAPPELL, Jeffrey | PACTS<br>6517161 | JUDGE<br>BOYKO | DOCKET #<br>1:20CR00109-017 |
|---|---|---|---|

| SENTENCE DATE<br>07/20/2023 | SUPERVISION TYPE<br>TSR | CRIMINAL HIST<br>II | OFFENSE LEV<br>12 | PHOTO |
|---|---|---|---|---|

| ASST. U.S. ATTORNEY<br>Margaret A. Sweeney<br>Margaret.sweeney@usdoj.gov<br><br>Christopher J. Joyce<br>Christopher.joyce@usdoj.gov | DEFENSE ATTORNEY<br>Brian M. Fallon<br>brnbff@hotmail.com |
|---|---|

| REPORT PURPOSE<br>**JUDICIAL RESPONSE REQUESTED** |
|---|

| ORIGINAL OFFENSE<br><u>Count 1:</u> 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(C) – Conspiracy to Distribute and Possess with Intent to Distribute – a Class C felony. |
|---|

| SENTENCE DISPOSITION<br>6 months custody Bureau of Prisons and 6 months of home confinement for a total of 12 months followed by 3 years supervised release (commenced 03/06/2024). |
|---|

| ORIGINAL SPECIAL CONDITIONS<br>1. Location Monitoring Program – Non-Electronic Monitoring<br>2. Substance Abuse Testing.<br>3. Mental Health Treatment.<br>4. General Educational Development (GED).<br>5. DNA. |
|---|

The probation officer believes that the offender has violated the following condition(s) of supervision:

| VIOLATION NUMBER | NATURE OF NONCOMPLIANCE |
|---|---|
| 1. | **Failure to Comply with the Location Monitoring Program:** Mr. Chappell is enrolled in the SmartLink technology, Location Monitoring Program. He failed to submit a SmartLink check-in on the following dates: 05/15/2024, 05/21/2024, 05/28/2024, two times on 05/30/2024, 05/31/2024, 06/11/2024, 06/15/2024, and two times on 06/15/2024. |
| 2. | **Failure to Submit Drug Screens:** Mr. Chappell failed to submit drug screens through the random drug testing program on the following dates: 04/25/2024, 05/16/2024, and 05/29/2024. |
| 3. | **Unauthorized Use of Drugs:** On 06/04/2024, Mr. Chappell submitted a drug screen that was positive for fentanyl and norfentanyl, which was confirmed positive by Abbott Toxicology on 06/20/2024. |

1

| DATE<br>06/27/2024 | U. S. Pretrial Services<br>and Probation Office<br>Northern District of Ohio | **VIOLATION REPORT**<br>**Warrant Request** | PROB 12C<br>(Rev. 11/2017) |
|---|---|---|---|
| **NAME**<br>CHAPPELL, Jeffrey | | **PACTS**<br>6517161 | **JUDGE**<br>BOYKO | **DOCKET #**<br>1:20CR00109-017 |

| | |
|---|---|
| 4. | On 06/13/2024, Mr. Chappell submitted a drug screen that was presumptively positive for amphetamine. Confirmation results are pending with Abbott Toxicology.<br><br>**Failure to Obtain Employment:** Mr. Chappell has failed to secure employment. He has failed to follow through with scheduling meetings with job placement agencies. |

**ADJUSTMENT TO SUPERVISION**
This report has been prepared to notify the Court of Mr. Chappell's noncompliance. Mr. Chappell commenced supervised release in the Northern District of Ohio on March 6, 2024. On April 11, 2024, the District of Arizona accepted supervision of the case. All violations in this report are from Mr. Chappell's conduct while being supervised in the District of Arizona.

**Violation #1/ Failure to Comply with the Location Monitoring Program:** Mr. Chappell is enrolled in the SmartLink technology, Location Monitoring Program. This program requires Mr. Chappell to complete random biometric check-ins through an application on his phone. Mr. Chappell failed to check-in on the following dates:

-May 14, 2024, at 7:25 p.m.;
-May 21, 2024, at 2:00 p.m.;
-May 28, 2024, at 8:52 a.m.;
-May 30, 2024, at 3:24 p.m. and at 7:00 p.m.;
-May 31, 2024, at 8:50 a.m.;
-June 11, 2024, at 9:45 a.m.; and
-June 15, 2024, at 12:15 p.m. and 4:16 p.m.

**Violation #2/ Failure to Submit Drug Screens:** Mr. Chappell was enrolled in the random drug testing program. He failed to report for drug tests on the following dates: April 25, 2024; May 16, 2024; and May 29, 2024.

**Violation #3/ Unauthorized Use of Drugs:** On June 4, 2024, Mr. Chappell submitted a drug screen that was positive for fentanyl and norfentanyl, which was confirmed positive by Abbott Toxicology on June 20, 2024. On June 13, 2024, the assigned officer in the District of Arizona met with Mr. Chappell, and Mr. Chappell was given an opportunity to be honest regarding his drug use. However, Mr. Chappell denied any drug use. He signed a written denial form claiming that he did not use fentanyl or norfentanyl.

On June 13, 2024, Mr. Chappell submitted a drug screen that was presumptively positive for amphetamine. Confirmation results are pending with Abbott Toxicology.

**Violation #4/ Failure to Obtain Employment:** Mr. Chappell has failed to secure employment. He has been referred to job placement agencies, but he failed to schedule meetings with them. Mr. Chappell has made minimal effort on seeking employment.

| DATE<br>06/27/2024 | U. S. Pretrial Services and Probation Office<br>Northern District of Ohio | **VIOLATION REPORT**<br>**Warrant Request** | PROB 12C<br>(Rev. 11/2017) |
|---|---|---|---|
| **NAME**<br>CHAPPELL, Jeffrey | | **PACTS**<br>6517161 | **JUDGE**<br>BOYKO | **DOCKET #**<br>1:20CR00109-017 |

**Residence:** Mr. Chappell currently resides with his girlfriend and children at 1716 West Cortez Street, Unit 129, Phoenix, Arizona 85029.

**Employment:** Mr. Chappell is currently unemployed and has made minimal effort to secure employment.

**Location Monitoring Program:** Mr. Chappell is enrolled in the SmartLink Location Monitoring Program. He has failed to comply with the requirements of that program by conducting his biometric check-ins.

**Substance Abuse:** Mr. Chappell is enrolled in the random drug screening program in the District of Arizona. He has failed to comply with the random drug screening program by failing to appear for three separate drug screens. Mr. Chappell also has a confirmed positive drug screen for fentanyl and norfentanyl, which he has denied any use. Mr. Chappell also had a presumptive positive drug screen for amphetamine. The Court will be notified once confirmation results are received from the District of Arizona.

**Plan of Action:** The District of Arizona requests that a warrant is issued for Mr. Chappell's arrest due to his risk of nonappearance and criminal history that poses a danger to the community.

Pursuant to *U.S. v. Booker and U.S. v Fanfan*, the following United States Sentencing Guideline applications are being provided to the Court solely for advisory purposes.

**SENTENCING OPTIONS**
**Statutory Provisions:** If the person on supervision violates a condition of supervised release, the Court may extend the term of supervised release and may modify, reduce or enlarge the conditions, 18 U.S.C. § 3583(e)(2) or revoke the term of supervised release, 18 U.S.C. § 3583(e)(3), or place a person on supervision under electronic monitoring (only as a special condition), 18 U.S.C. § 3583(e)(4).

The PROTECT Act, which went into effect April 30, 2003, allows no adjustment for prison time for any previous revocation of supervised release. The permissible length of a new term of supervised release (TSR) is the authorized term of supervised release for the original offense minus the custody term imposed for any revocation. No credit is given for street time.

If the Court finds that the person on supervision has violated a condition of supervised release and decides to impose a term of imprisonment, it must consider, but can disregard, the policy statements in effect on the date the person under supervision is sentenced, 18 U.S.C. § 3553(a)(4)(B) and impose a sentence of imprisonment up to the statutory maximum. The Statutory Maximum in this case is 2 years, as the offense of conviction is a Class C felony.

If the Court revokes supervised release and imposes a term of imprisonment, it may, pursuant to 18 U.S.C. § 3583(h), reimpose a term of supervised release. As the offense of conviction is under

| DATE<br>06/27/2024 | U. S. Pretrial Services and Probation Office<br>Northern District of Ohio | **VIOLATION REPORT**<br>**Warrant Request** | PROB 12C<br>(Rev. 11/2017) |
|---|---|---|---|

| NAME<br>CHAPPELL, Jeffrey | PACTS<br>6517161 | JUDGE<br>BOYKO | DOCKET #<br>1:20CR00109-017 |
|---|---|---|---|

21 U.S.C. § 841(a) and (b), the Court may impose any term of supervised release as the maximum term of supervised release is life, 18 U.S.C. § 3583(b) and (h).

**Guidelines Provisions:**   Application of policy statements found in Chapter 7 of the Guideline Manual result in a revocation range of imprisonment of 4 to 10 months, U.S.S.G. § 7B1.4(a). The range of imprisonment is based on the most serious violation alleged being a Grade C violation, U.S.S.G. § 7B1.1(a)(3) and the person on supervision having a Criminal History Category of II, U.S.S.G. § 7B1.4, Application Note 1.

If the Court revokes supervised release and imposes a term of imprisonment, it may reimpose any term of supervised release, U.S.S.G. § 7B1.3(g)(2). A Violation Worksheet is attached.

Pursuant to U.S.S.G. § 7B1.3(a)(2), upon a finding of a Grade C violation, the Court may revoke, extend or modify the conditions of supervised release. Guideline 7B1.3(c) provides sentencing options for persons under supervision who fall into Zones B and C of the sentencing table. Those options include sentences of imprisonment that include terms of supervised release with conditions that substitute community confinement or home detention pursuant to Guideline 5C1.1(c) or (d).

This completes the text of the report. Proceed to the signature page.

| DATE<br>06/27/2024 | U. S. Pretrial Services<br>and Probation Office<br>Northern District of Ohio | **VIOLATION REPORT**<br>**Warrant Request** | | PROB 12C<br>(Rev. 11/2017) |
|---|---|---|---|---|
| NAME<br>CHAPPELL, Jeffrey | | PACTS<br>6517161 | JUDGE<br>BOYKO | DOCKET #<br>1:20CR00109-017 |

| I declare under penalty of perjury that the foregoing is true and correct.<br>U.S. PRETRIAL SERVICES & PROBATION OFFICER<br>Alexander Lucas<br>330-252-6291 | DISTRIBUTION | |
|---|---|---|
| | COURT | CPO |

| SUPERVISING U.S. PRETRIAL SERVICES & PROBATION OFFICER<br>Ben M. Jurevicius<br>330-252-6229 | PROBATION ROUTING | |
|---|---|---|
| | Data Entry | Data Collections |

## RECOMMENDING TO THE COURT

☒   To issue a Warrant

**THE COURT ORDERS:**

☐   The issuance of a Warrant.

☐   The issuance of a Summons.

☐   The request is denied.

☐   Supervision to be Continued.

☐   The referral of this case to the Magistrate Judge as designated by the Clerk's Office to conduct the appropriate proceedings, except for sentencing, if sentencing is necessary. If a revocation hearing is required, the assigned Magistrate Judge is to conduct the hearing and then file a report and recommendation.

   Magistrate Judge Assigned  ___  Choose an item.

☐   Alternative Judicial Order (Please Specify)

_____
Signature of Judicial Officer            Date

5

| DATE<br>06/27/2024 | U. S. Pretrial Services<br>and Probation Office<br>Northern District of Ohio | VIOLATION REPORT<br>Warrant Request | PROB 12C<br>(Rev. 05/2017) |
|---|---|---|---|
| NAME<br>CHAPPELL, Jeffrey | PACTS<br>6517161 | JUDGE<br>BOYKO | DOCKET #<br>1:20CR00109-017 |

## *Confidential – For Court Only*

**PROBATION OFFICER RECOMMENDATIONS**

☒ Revocation of supervision with 6 months custody Bureau of Prisons followed by 3 years of supervised release.
  ☒ Immediate Custody

☒ Additional Conditions following custody of Bureau of Prisons:

**Substance Abuse Testing and Treatment**
The defendant shall participate in an approved program of substance abuse testing and/or outpatient or inpatient substance abuse treatment as directed by their supervising officer; and abide by the rules of the treatment program. The defendant shall not obstruct of attempt to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing.

**Cognitive Behavioral Program**
The defendant shall participate in a cognitive behavioral program as instructed by the U.S. Probation office.

Pursuant to *U.S. v. Booker and U.S. v Fanfan*, the following United States Sentencing Guideline applications are being provided to the Court solely for advisory purposes.

**PROBATION OFFICER JUSTIFICATION**
Mr. Chappell has failed to make any positive adjustment while on supervision. Mr. Chappell was afforded the opportunity to be supervised in the District of Arizona. However, Mr. Chappell has failed to comply with the conditions of his supervision since being supervised in the District of Arizona. Prior to his transfer, Mr. Chappell claimed he had employment lined up in Phoenix, Arizona. However, it appears that Mr. Chappell has not followed through with that statement.

Mr. Chappell has not complied with the Location Monitoring Program, which was ordered at the time of his sentencing. This was ordered after the Court varied down to Zone C of the sentencing table. Despite the fortunate opportunity that the Court provided Mr. Chappell, he has failed to comply with this condition.

Additionally, he has been dishonest about his substance abuse. Mr. Chappell tested positive for

| DATE<br>06/27/2024 | U. S. Pretrial Services<br>and Probation Office<br>Northern District of Ohio | VIOLATION REPORT<br>Warrant Request | PROB 12C<br>(Rev. 05/2017) |
|---|---|---|---|
| NAME<br>CHAPPELL, Jeffrey | | PACTS<br>6517161 | JUDGE<br>BOYKO | DOCKET #<br>1:20CR00109-017 |

## *Confidential – For Court Only*

significantly dangerous substances (fentanyl and norfentanyl). Mr. Chappell went as far as signing a denial letter denying any use of fentanyl and norfentanyl, and then the results were confirmed positive by Abbott Toxicology. Due to Mr. Chappell's inability to be honest, the assigned officer in the District of Arizona was unable to work with Mr. Chappell about his substance abuse issues. Additionally, Mr. Chappell has made minimal effort in obtaining employment despite being provided resources to obtain employment.

In consideration of Mr. Chappell's conduct while in the District of Arizona and the recommendation of his assigned officer, the probation office is respectfully requesting that a warrant is issued in this case. The probation office respectfully recommends a sentence of 6 months imprisonment followed by 3 years of supervised release. The probation office recommends that a Substance Abuse Testing and Treatment condition is added to address Mr. Chappell's substance abuse and a Cognitive Behavioral Program condition is added to address Mr. Chappell's thinking errors.

| I declare under penalty of perjury that the foregoing is true and correct.<br>U.S. PRETRIAL SERVICES & PROBATION OFFICER<br>Alexander Lucas<br>330-252-6291 | DISTRIBUTION |
|---|---|
| | COURT       CPO |
| SUPERVISING U.S. PRETRIAL SERVICES & PROBATION OFFICER<br>Ben M. Jurevicius<br>330-252-6229 | PROBATION ROUTING |
| | Data Entry       Data Collections |